**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **MONTEREY COMMUNICATIONS, LLC,**<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>**ATLANTIC TELE-NETWORK INTERNATIONAL, INC; VIRGIN ISLANDS TELEPHONE CORPORATION d/b/a VIYA; and, ISLAND WIRING, LLC,**<br><br>　　　　　　　Defendants.<br>_____ | 1:19-cv-00015-RAM-GWC |

**TO:** 　Pamela Lynn Colon, Esq.
　　　　Miles L. Plaskett, Esq.
　　　　Julian Jackson-Fannin, Esq.
　　　　Harvey W. Gurland, Jr., Esq.
　　　　Christopher Allen Kroblin, Esq.

**ORDER REGARDING RENEWED MOTION TO COMPEL DISCOVERY RESPONSES**

THIS MATTER is before the Court upon Defendants Atlantic Tele-Network International, Inc.[,] and Virgin Islands Telephone Corporation d/b/a Viya's Renewed Motion to Compel Discovery Responses (First Sets of Interrogatories) and Incorporated Memorandum of Law (ECF No. 87). Plaintiff filed an opposition to the motion, and said Defendants filed a reply thereto.

Said Defendants take issue with Plaintiff's objections to their interrogatories and seek full and complete responses to specific interrogatories. Defendant Virgin Islands Telephone Corporation d/b/a Viya (Viya) asks the Court to overrule certain objections asserted by Plaintiff and seeks to compel full and complete responses to its Interrogatory

Nos. 3, 5-8. Defendant Atlantic Tele-Network International, Inc. (ATN), requests that the Court overrule Plaintiff's objection to the number of interrogatories and seeks to compel full and complete responses to its Interrogatory Nos. 3 and 4.

## I. DISCUSSION

### A. Applicable standards

It cannot be disputed that "[a]nswers to interrogatories must include all information within the party's control or known by its agents, and the answering party cannot ignore information readily available to it." *Stern v. Seykota*, No. Civ. 2002-134, 2004 WL 3267284, at *2 (D.V.I. Dec. 22, 2004) (citation omitted), *cited in Smith v. JP Morgan Chase*, Civil Action No. 09-0168, 2011 WL 31040, at *2 (W.D. La. Jan. 5. 2011); Mot. at 5.

Further, it is well established that "an answer to an interrogatory 'must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories . . . .'" *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000) (citations omitted); *see also Sellitto-Taylor v. McLean Affiliates, Inc.*, Case No. 3:20-CV-00162 (CSH), 2021 WL 950323, at *3 (D. Conn. Mar. 12, 2021) (where the court quotes: "'Answers to interrogatories that incorporate other documents by reference are strongly disfavored. Reference to depositions, other answers to the interrogatories, other document production, the complaint itself, or any other documents are improper and thus unresponsive.' *Trueman v. N.Y. State Canal Corp.*, Civ. No. 1:09-cv-049 (LEK/RFT), 2010 WL 681341, at *3 (N.D.N.Y. Feb. 24, 2010); *see also*

*Monterey Communications, LLC v. Atlantic Tele-Network Int'l, Inc.*
1:19-cv-00015-RAM-GWC
Order Regarding Renewed Motion to Compel Discovery Responses
Page 3

*Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 35 (D.D.C. 2007) ('Because Rule 33(b)[(3)] requires a party to answer each interrogatory "fully," it is technically improper and unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories.')"); *Anderson v. Caldwell County Sheriff's Office*, No. 1:09cv423, 2011 WL 2414140, at *4 (W.D.N.C. June 10, 2011) (collecting cases).

Courts have interpreted the requirement of answering each interrogatory "separately and fully in writing," Fed. R. Civ. P. 33(b)(3), as requiring a narrative response. *See, e.g., Goddard Systems, Inc. v. Gould*, Civil Action No. 17-1003-CJB, 2018 WL 5919742, at *1 (D. Del. Nov. 9, 2018) ; *Developmental Technologies, LLC v. Valmont Industries, Inc.*, Case No. 8:14-cv-2796-T-35JSS, 2016 WL 1271566, at *4 (M.D. Fla. Mar. 31, 2016); *Bolden v. Federal Emergency Management Agency*, Civil Action No. 06-4171, 2008 WL 145098, at *1 (E.D. La. Jan. 14, 2008).

While Rule 33(d) allows a party to respond to an interrogatory by referencing "business records" in lieu of a narrative response, the rule is limited to "business records" and may be invoked only "if the burden of deriving or ascertaining the answer will be substantially the same for either party . . . ." Fed. R. Civ. P. 33(d). Further, such a response must *specify* the records "*in sufficient detail* to enable the interrogating party to locate and identify them as readily as the responding party could . . . ." Fed. R. Civ. P. 33(d)(1) (emphasis added). *See, e.g., Anderson*, 2011 WL 2414140, at *4 ("Each response should be complete within itself. To the extent that a specific document provides the information

requested by Defendant, the Court will allow Plaintiff to reference in the response the specific document that contains the information requested. Plaintiff may not reference general documents or a specific category of documents. Rather, Plaintiff must identity *the specific document* by Bates label that contains the information requested.") (emphasis in original).

In the matter at bar, to the extent that a specific document that qualifies as a "business record" provides the information requested by said Defendants, the Court will allow Plaintiff to reference in the response the specific document that contains the information requested. Plaintiff may not reference general documents or a specific category of documents. In addition, Plaintiff must "identi[f]y *the specific document* by Bates label that contains the information requested." *Id*. (emphasis in original).

Rule 33 contemplates objections to interrogatories. According to the rule, a party objecting must state the grounds for each objection "with *specificity*. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4) (emphasis added). *See, e.g., Clearview Fin. Serviced, LLC v. Weiss*, Civil No. 2011-88, 2012 WL 1739070, at *2 (D.V.I. May 16, 2012) ("Where there is a failure to timely object, objections are waived") (citing Fed. R. Civ. P. 33(b)(4)).

### B. Laches

Plaintiff begins its arguments in opposition to Viya and ATN's motion by claiming that said Defendants have waived their right to compel discovery pursuant to the operation

Monterey Communications, LLC v. Atlantic Tele-Network Int'l, Inc.
1:19-cv-00015-RAM-GWC
Order Regarding Renewed Motion to Compel Discovery Responses
Page 5

of laches.  Opp'n (ECF No. 96) at 3.  It is true that the federal rules do not specify a time limit for filing a motion to compel. It also is true that a court may deny a motion to compel due to undue delay.  *See, e.g., Herndon v. City of Henderson*, Case No.: 2:19-cv-00018-GMN-NJK, 2020 WL 7382766, at *3 (D. Nev. Dec. 16, 2020).  However, the Court was unable to find any case law employing the theory of laches in the context of discovery and motions to compel discovery.

In the absence of a specific rule, the "determination as to the timeliness of such a motion is left to the exercise of judicial discretion."  *Id*.  The general rule, as followed by this Court, is that "motions to compel filed during the discovery period are rarely considered to be untimely."  *V5 Technologies v. Switch, Ltd*., 332 F.R.D. 356, 360 (D. Nev. 2019).  *See also, e.g., Kmart Corporation v. Sunny Isle Developers, LLC*, 1:14-cv-00077, 2016 WL 11396508, at *1 (D.V.I. Dec. 20, 2016) (stating the general rule that "motion to compel discovery must be filed with the time allowed for the discovery itself" and collecting cases).  Here, in the matter currently before the Court, at the time said Defendants filed their renewed motion to compel on February 25, 2021, the discovery deadline was set for March 31, 2021.[1]  *See* Scheduling Order (ECF No. 51), entered March 20, 2020.  Thus, said Defendants' motion was filed well in advance of the close of discovery.  In addition, the Court determines that any delay in the filing of the original and renewed motions to compel was not undue or

---

[1] Since the filing of the motion currently before the Court, the discovery deadline has been extended to June 30, 2021.  *See* Order Amending Scheduling Order (ECF No. 102), entered March 12, 2021.

prejudicial to Plaintiff. Consequently, the Court finds the renewed motion to compel timely and any rights due to said Defendants have not been waived.

### C. Number of interrogatories

Before turning to the specific individual interrogatories at issue, the Court addresses both Defendants' request to overrule Plaintiff's objection to the number of interrogatories. Mot. (ECF No. 87) at 5 and 15. The number of interrogatories is limited to 25 by Federal Rules of Civil Procedure Rule 33. Fed. R. Civ. P. 33(a)(1). The Committee Notes to the rule, as amended, advise:

> Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

146 F.R.D. 401, 675-76 (1993). Courts have expressed differing opinions regarding what constitutes a "discrete" subpart for purposes of the rule. However, "[m]ost courts have followed what is sometimes referred to as the 'related question' approach." *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 196 (E.D. Tex. 2016) (citations omitted) (collecting cases). The Texas court explains, "[T]he test applied under the 'related question' approach is generally stated as follows: subparts that are logically or 'factually subsumed within and necessarily related to the primary question' should not be

treated as separate interrogatories." *Id*. (citations omitted).[2]  The *Eli Lilly* court goes on to combine this "related question" approach with what it calls the "pragmatic approach," which asks if an interrogatory "threatens the purpose of Rule 33 by combining into one interrogatory several lines of inquiry that should be kept separate." *Id*.  The Court utilizes this hybrid approach to determine whether Defendants ATN and Viya's interrogatories exceed the limit.

Interrogatory No. 2 of both said Defendants' interrogatories seeks information about the discarding or destruction of documents.[3]  Upon review, the Court finds that each subpart is related and does not open a new line of inquiry that is "'[s]eparate and distinct from the inquiry made by the portion of the interrogatory that precedes it.'" *Theobles v. Indus. Maint. Co.*, 49 V.I. 537, 540, 247 F.R.D. 483, 485 (D.V.I. 2006) (citation omitted).  Thus, this interrogatory counts as one interrogatory.

---

[2] A similar approach is the "common theme" standard, as mentioned in one of the cases cited by Plaintiff in its opposition.  Opp'n (ECF No. 96) at 5, citing *Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 646 (D. Kan. 2011).  Applying that approach, the *Pouncil* court determined that one of the interrogatories at issue before it, an interrogatory that corresponded to one of the numbered allegations of the complaint that itself was divided into six separate subparagraphs, should be counted as more than one interrogatory, finding that each of the interrogatory's subparts were "sufficiently different and require Defendants to identify a different set of facts." *Pouncil*, 277 F.R.D. at 647.

[3] Plaintiff responded to Defendant ATN's Interrogatory No. 2, stating "None," meaning that no documents were discarded or destroyed.  Plaintiff's Response to: Defendant Atlantic Tele-Network, International, Inc.'s First Set of Interrogatories to Plaintiff Monterey Communications, LLC (ECF No. 96-1) at 8.  Plaintiff's response to Defendant Viya's Interrogatory No. 2 states, "None to all 5 subparts."  Plaintiff's Response to Defendant Virgin Islands Telephone Corporation d/b/a Viya's First Set of Interrogatories to Plaintiff Monterey Communications, LLC (ECF No. 96-2) at 7.  Then, Plaintiff asserts that the interrogatory "consists of five separate interrogatories under the Federal Rules of Civil Procedure." *Id*.

*Monterey Communications, LLC v. Atlantic Tele-Network Int'l, Inc.*
1:19-cv-00015-RAM-GWC
Order Regarding Renewed Motion to Compel Discovery Responses
Page 8

Both said Defendants propounded the same Interrogatory No. 3, asking Plaintiff about its claimed damages. Upon review, and, following the guidance of courts interpreting the computation of damages as used in Fed. R. Civ. P. 26(a)(1)(A)(iii), as more fully discussed herein, the Court finds that this interrogatory, even with its subparts, is one interrogatory.

Defendant ATN's Interrogatory No. 4 states: "If you denied any of Defendant ATN's Requests for Admissions state all facts supporting your denial and identify all individuals having knowledge of such facts." Defendant Atlantic Tele-Network, International, Inc.'s First Set of Interrogatories to Plaintiff Monterey Communications, LLC (ECF No. 87-1) at 10. Although Plaintiff did not assert any objections in its specific answer to this interrogatory, in its opposition to the current motion, Plaintiff states that it denied 20 of the requests, leading to the conclusion that the interrogatory "asks 40 discrete questions . . . bring[ing] the total of interrogatories asked by Defendant to 77 . . . ." Opp'n (ECF No. 96) at 14-15.

As demonstrated by Plaintiff's Opposition and Exhibit 3 attached thereto, Defendant ATN's Requests for Admission contained 20 separate requests, and Plaintiff initially denied each one. Opp'n (ECF No. 96) at 14-15 and Attachment 3. However, Plaintiff's amended responses contains amendments to 16 of its responses to the requests, providing some factual statements qualifying its denials. Plaintiff's Amended Response to Defendant Atlantic Tele-Network International, Inc.['s] First Request for Admissions to Plaintiff (ECF No. 96-3). Given these amended responses, the Court deems said Defendant's

*Monterey Communications, LLC v. Atlantic Tele-Network Int'l, Inc.*
1:19-cv-00015-RAM-GWC
Order Regarding Renewed Motion to Compel Discovery Responses
Page 9

Interrogatory No. 4 directed to the four requests for admission that Plaintiff wholly denied, without amendment or qualification. Plaintiff urges that not only should the interrogatory count as separate inquiries as to each request for admission, but also that each of those inquiries involves two discrete parts: the request for facts and the identification of individuals having knowledge of those facts. Upon consideration, the Court finds that the identification of persons having knowledge of the facts is directly related to the disclosure of the facts themselves and is not separate and distinct therefrom. *See, e.g., Synopsys, Inc. v. ATopTech, Inc*, 319 F.R.D. 293, 297 (N.D. Cal. 2016) (where the court, applying the "relative consensus among courts as to what generally constitutes a discrete part under Rule 33(a)(1)," declares: "Subparts asking for facts, documents, and witnesses relating to a primary contention or allegation are logically or factually related, and thus should be construed as subsumed in the primary question"). Thus, the Court counts this interrogatory as four separate interrogatories, and not eight. In summary, the Court finds that Defendant ATN's interrogatories, propounded as four numbered interrogatories, consist of seven total interrogatories for purposes of Rule 33.

Defendant Viya's Interrogatory No. 4 asks for information about Plaintiff's use of equipment and labor for work not involving Viya. Despite answering, "None," after objecting to the term "mathematical formula," Plaintiff claims that the interrogatory consists of "seven separate interrogatories." Plaintiff's Response to Defendant Virgin Islands Telephone Corporation d/b/a Viya's First Set of Interrogatories to Plaintiff

Monterey Communications, LLC (ECF No. 96-2) at 9.  Applying the "related question" approach, the Court finds that all the subparts are logically and factually related to the use of equipment and labor for work not involving Viya and that each subpart is not totally independent of the others.  Consequently, this interrogatory counts as one interrogatory.

Interrogatory Nos. 5 and 6 propounded by Defendant Viya concern Plaintiff's removal of coax and copper wiring.  Plaintiff responded to all subparts of Interrogatory No. 5, but it included at the end of its response that the interrogatory "[c]onsists of five separate interrogatories under the Federal Rules of Civil Procedure."  Plaintiff's Response to Defendant Virgin Islands Telephone Corporation d/b/a Viya's First Set of Interrogatories to Plaintiff Monterey Communications, LLC (ECF No. 96-2) at 10.  Plaintiff's response to Interrogatory No. 6 is incomplete, with Plaintiff stating that it

> [o]bjects to the balance of this interrogatory as, inclusive of its subparts, it is five separate interrogatories under the Federal Rules of Civil Procedure and the first subpart is the twenty-fifth interrogatory propounded by Defendant. Consequently, the balance of the interrogatories contained in the remaining subparts exceed the number of interrogatories permitted by the Federal Rules of Civil Procedure.

Plaintiff's Response to Defendant Virgin Islands Telephone Corporation d/b/a Viya's First Set of Interrogatories to Plaintiff Monterey Communications, LLC (ECF No. 96-2) at 11.  The Court finds that all the subparts of Interrogatory No. 5 relate to the coax and copper wiring removed by Plaintiff at Defendant Viya's plant.  Each subpart follows the same line of inquiry as the primary question, meaning that Interrogatory No. 5 and its subparts counts as one interrogatory.  As Interrogatory No. 6 is identical to Interrogatory No. 5, except for

*Monterey Communications, LLC v. Atlantic Tele-Network Int'l, Inc.*
1:19-cv-00015-RAM-GWC
Order Regarding Renewed Motion to Compel Discovery Responses
Page 11

the rate per foot of the coax and copper wiring removed, this interrogatory also counts as one interrogatory.

Upon review of Defendant Viya's Interrogatory No. 7, the Court finds that each subpart is about and relates to the primary question seeking information about the sale of copper wiring Plaintiff removed from Viya's plant. Consequently, Interrogatory No. 7 counts as one interrogatory, which brings the total to seven interrogatories.

Defendant Viya's Interrogatory No. 8, concerning net proceeds from the sale of scrap material, the Court finds that, even though the answer may involve several different components and categories, each relates to the overall inquiry regarding net proceeds. This counts as one interrogatory.

Based upon the foregoing, the Court finds that Defendant Viya's First Set of Interrogatories, propounded as eight numbered interrogatories with subparts, consists of eight total interrogatories, which is significantly less than the number limitation imposed by Rule 33(a)(1). Therefore, based upon these findings, the Court will order Plaintiff to answer Defendant Viya's interrogatories numbered 6, 7, and 8, fully and completely. [4]

---

[4] The Court notes, without going into minute detail, that it perused the cases Plaintiff cites in support of its argument that said Defendants' interrogatories exceed the number allowed. (The Court also notes that the citations do not follow Bluebook format, nor were specific page numbers within the cited opinion given.) The Court finds them inapposite. The first two, *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 7 (D.D.C. 2004) and *Smith v. Café Asia*, 256 F.R.D. 247 (D.D.C. 2009), issued by the same judge, applies the broad rule that an interrogatory seeking information and also documents relating to that information count as two interrogatories. *Banks*, 222 F.R.D. at 10. However, this position is contrary to the "relative consensus among courts as to what generally constitutes a discrete subpart under Rule 33(a)(1), as discussed above. Subparts asking for facts, documents, and witnesses relating to a primary contention or allegation are logically or factually related, and thus should be construed as subsumed in the primary question." *Synopsys, Inc. v. ATopTech, Inc*, 319 F.R.D. 293, 297 (N.D. Cal. 2016) (distinguishing *Superior Communications v. Earhugger,*

*Monterey Communications, LLC v. Atlantic Tele-Network Int'l, Inc.*
1:19-cv-00015-RAM-GWC
Order Regarding Renewed Motion to Compel Discovery Responses
Page 12

### C. Other objections

Defendant Viya requests the Court to overrule Plaintiff's objection to Interrogatory No. 3, where Plaintiff resists categorizing its damages claims by alleging that such categorization requires "legal knowledge" or a "legal conclusion." Mot. (ECF No. 87) at 7. As said Defendant argues, such itemization and categorizing of damages is required as an initial *voluntary* disclosure by Rule 26 of the Federal Rules of Civil Procedure. That rule, in relevant part, provides:

> [A] party must, without awaiting a discovery request, provide to the other parties: . . . a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii). The Court interprets Defendant Viya's interrogatory to request this same information, information that should already have been disclosed. *See, e.g., Williams v. Cost U Less*, 1:11-cv-00025, 2013 WL 12170641, at *1 (D.V.I. Mar. 8, 2013) (where this Court found the interrogatory to seek the same information required to be disclosed by Fed. R. Civ. P. 26(a)(1)(A)(iii) and ordered the plaintiff to supplement not only his interrogatory responses, but also his Rule 26 disclosures). Consequently, the Court will

---

*Inc.*, 257 F.R.D. 215 (C.D. Cal. 2009) and *Banks*, 222 F.R.D. 7 (D.D.C. 2004) cited therein). *Pouncil v. Branch Law Firm*, 277 F.R.D. 642 (D. Kan. 2011) is discussed hereinabove at note 2 and does not support Plaintiff's objection as it relates to the interrogatories at issue, here. Likewise, *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367 (S.D.N.Y. 2010), is not analogous to the matter at bar. There, the New York court found that "many of Defendants' subparts amount essentially to discrete questions in and of themselves." *Id.* at 369.

overrule Plaintiff's objection and will order Plaintiff to respond fully and completely to Defendant Viya's Interrogatory No. 3.[5]

Courts' interpretation and application of Rule 26 also addresses Plaintiff's objection to Defendant Viya's use of the phrase "mathematical formula." *See* Mot. at 9-12. These words are not vague. They merely require, like Rule 26, an explanation of Plaintiff's computations.

In addressing a Rule 26(a)(1)(A)(iii) dispute, the United States District Court for the Middle District of Pennsylvania notes:

> Courts have understood the word [computation] to require a "specific computation of a plaintiff's damages." *Kleiner v. Burns,* Civ. No. 00–cv–2160, 2000 WL 1909470, *2 (D. Kan. Dec.22, 2000). This specific computation certainly requires a disclosure of evidentiary material upon which the category of damages is based, including materials bearing on the nature and extent of the injuries suffered. *Gomez v. Markley,* Civ. No. 07–cv–0868, 2011 WL 112886, *2 (E.D. Pa. Jan.13, 2011) ("[T]o fulfill the initial disclosure requirement, a party must provide a computation supported by documents."). With this in mind, simply reciting a dollar figure clearly is not enough.

*Stemrich v. Zabiyaka*, No. 1:12-CV-1409, 2013 WL 4080310, at *1 (M.D. Pa. Aug. 13, 2013) (citations omitted). The court continues,

> The computation requires at least some analysis. *See Szusterman v. Amoco Oil Co.,* 112 F. App'x 130, 131 (3d Cir. 2004); *see also City & Cnty. of S.F. v.*

---

[5] Neither of the cases cited by Plaintiff in its opposition support its objection to provide the requested categorizing and itemization of damages. Opp'n (ECF No. 96) at 13. Both cases, which the Court notes were issued in 1955 and 1939, respectively, address what those courts determined involved the "investigation or research or compilation of date or statistics." *Coca-Cola Co. v. Dixi-Cola Laboratories*, 30 F. Supp. 275, 279 (D. Md. 1939). The interrogatory propounded by Defendant Viya seeks information regarding Plaintiff's damages, not general data or statistics or other general information. Again, this itemization and categorization of **damages** is ***required*** by Rule 26 and should already have been disclosed.

*Monterey Communications, LLC v. Atlantic Tele-Network Int'l, Inc.*
1:19-cv-00015-RAM-GWC
Order Regarding Renewed Motion to Compel Discovery Responses
Page 14

> *Tutor–Saliba Corp.,* 218 F.R.D. 219, 221 (N.D. Cal.2003).  The Rule does not place a great burden on the plaintiff.  Rather, "[a]ll the claimant needs to do is sit down and calculate the damages that are claimed." *Dixon v. Bankhead,* Civ. No. 00–cv–0344, 2000 WL 33175440, *1 (N.D. Fla. Dec. 20, 2000).  Then, the plaintiff needs only to disclose what those damages are and how they were calculated.

*Id*. at *2.[6]  *See also, e.g., Sream v. Hassan Hakim & Sarwar, Inc.*, Civil No. 16-CV-81600-MARRA/MATTHEWMAN, 2017 WL 878704, at *5 (S.D. Fla. Mar. 6, 2017) (where the court ordered the plaintiff to revise its response to an interrogatory seeking "'each item of damages' claimed by Plaintiff, along with the 'count or defense to which the item of damages relates; the category into which each item of damages falls, i.e. general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; the factual basis for each item of damages; and *an explanation of how [Plaintiff] computed each item of damages, including any mathematical formula used* . . . . [to] specifically identify to the best of its ability the following: (1) the type of damages sought for each count of the Complaint; (2) the specific amount of general damages sought, the factual basis for the general damages claimed, and how the general damages amount was calculated; and (3) the specific amount of statutory damages sought, the factual basis for the statutory damages sought, and *how the statutory damages amount was calculated* (emphasis added)).  Here, in the matter at bar, the Court deems the phrase "mathematical

---

[6] The Court applied this reasoning of the *Stemrich* court, requiring some analysis and factual support of the computation of damages, in determining that both said Defendants' Interrogatory No. 3 and Defendant Viya's Interrogatory No. 8, with their subparts, constitute one interrogatory, hereinabove.

formula" clear and having the ordinary meaning of explaining exactly how the damages are being calculated.

### D. Specific Interrogatories at issue

#### 1. Defendant Viya and Defendant ATN's Interrogatory No. 3

The interrogatory numbered 3 propounded by both said Defendants are nearly identical. *See* ECF No. 87-1 at 10 and 22. Upon review of Plaintiff's response to each, *see* Opp'n (ECF No. 96) at 9-11, the Court finds them deficient. Not only are the responses not in narrative form and do not address all parts of the interrogatories, including not providing a "computation" of damages as required by Fed. R. Civ. P. 26(a)(1)(A)(iii), Plaintiff refers to documents. As explained hereinabove, reference to documents in responses to interrogatories is allowed only when referring to "business records." Fed. R. Civ. P. 33(d). Consequently, Plaintiff's referral of said Defendants to "Plaintiff's Rule 26(a) disclosures and any supplements thereto," Opp'n at 10-11, documents that are not "business records," is unacceptable. *Davis v. City of Springfield, IL*, Nos. 04-3168, 07-3096, 2009 WL 268893, at *5 (C.D. Ill. Jan. 30, 2009) ("Neither depositions nor initial disclosures qualify as business records.").

In view of these deficiencies, the Court will order Plaintiff to provide a full and complete narrative response to all parts of each said Defendant's Interrogatory No. 3.

#### 2. Defendant Viya's Interrogatory Nos. 5 and 6

The Court already has described these interrogatories as identical, except for the rate per foot specified therein. As with Plaintiff's response to Interrogatory No. 3, the Court finds Plaintiff's responses deficient. Again, Plaintiff failed to give a narrative response and give a full and complete response to all parts of Interrogatory No. 5. While Plaintiff's referral to business records by Bates stamp number could be acceptable, Defendant Viya maintains that the answer to its question regarding how many feet of the coax and copper wiring was removed is not included in the referenced documents. In addition, Plaintiff's reference to its Rule 26(a) disclosures is nonresponsive. Moreover, because of its incorrect counting of interrogatories, Plaintiff failed to respond to several subparts of Interrogatory No. 6.

Because the Court finds Plaintiff's answers inadequate, the Court will order Plaintiff to provide a full and complete narrative response to all parts of Defendant Viya's Interrogatory Nos. 5 and 6.[7]

### 3. Defendant ATN's Interrogatory No. 4

As set forth fully hereinabove, this interrogatory seeks more information regarding Plaintiff's denial of any of said Defendant's Requests for Admissions. Defendant Atlantic

---

[7] In its opposition, Plaintiff asserts that it "is under no obligation to perform calculations that VIYA can perform for itself." Opp'n (ECF No. 96) at 18-19. Nothing in either interrogatory can be construed as seeking any "calculations" or computations. The primary inquiry of each interrogatory concerns coax and copper wiring removed by Plaintiff from Viya's plant. The subparts ask for the number of feet of such wiring that was removed, the location at which the wiring was removed, the node markers on each island, the identity of persons having knowledge of the equipment and labor involved, and the information known to each person. Defendant Virgin Islands Telephone Corporation d/b/a Viya's First Set of Interrogatories to Plaintiff Monterey Communications, LLC (ECF No. 87-1) at 10-11.

Tele-Network, International, Inc.'s First Set of Interrogatories to Plaintiff Monterey Communications, LLC (ECF No. 87-2) at 10. Plaintiff attempts to object to this interrogatory on the basis that it exceeds the number allowed. Opp'n (ECF No. 96) at 14-15.[8]

However, Plaintiff's answer to this interrogatory contains no such objection or, indeed, any objection at all. Plaintiff's Response to: Defendant Atlantic Tele-Network International, Inc.'s First Set of Interrogatories to Plaintiff Monterey Communications, LLC (ECF No. 96-1) at 10. Consequently, even if this interrogatory would have put ATN's interrogatories over the number limitation, such objection that Plaintiff may have had has been waived. *See, e.g., Shelton v. FCS Capital LLC*, Case No. 2:18-cv-03723-JDW, 2020 WL 4196211, at *2 (E.D. Pa. July 21, 2020) ("While Defendants might have had a basis to object to some of the discovery requests in whole or part, they failed to make those objections in the 30 days that Rules 33 and 34 require. They therefore waived those objections." (citing Fed. R. Civ. P. 33(b)(4); other citations omitted)).

---

[8] Plaintiff also argues that the interrogatory "is an improper attempt by Defendant to improperly require Monterey to exceed the requirements of Rule 36(a) which does not require a party to explain the basis for its denial of any Request For Admissions." Opp'n (ECF No. 96) at 15. In support thereof, Plaintiff cites to *Philadelphia Gear Corp. v. Techniweld, Inc.*, Civ. A. No. 90-5671, 1992 WL 99622 (E.D. Pa. May 1, 1992). Plaintiff's reliance is misplaced. The *Philadelphia Gear Corp.* court did not find the plaintiff's interrogatories regarding its requests for admissions impermissible; rather, it found that the interrogatories were "an overly burdensome attempt to force defendant to answer its requests for admissions." *Id.* at *3. The court did not compel responses to those interrogatories because, instead, it ordered the defendant to amend its answers to the requests for admissions. *Id.*

Plaintiff answered the interrogatory in this way: "See Verified Complaint; Responses to Request for Admission; Rule 26(a) disclosures and supplements." *Id*. The Court reiterates that documents may be used in lieu of a narrative response only when referencing qualifying business records. The documents listed by Plaintiff clearly are not business records. *MedCity Rehab. Servs., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 11-CV-14777, 2013 WL 4029053, at *1 (E.D. Mich. Aug. 7, 2013) ("To the extent copies of pleadings or other court papers contain the requested information, such records are not business records within the meaning of Rule 33(d)"). Consequently, the Court finds Plaintiff's response completely fails to answer the interrogatory. Fed. R. Civ. P. 37(a)(4) ("[A]n an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."). At the same time, because the Court finds that Plaintiff's amended responses to Defendant ATN's requests for admissions provide some facts that may be responsive to this interrogatory, the Court will require Plaintiff to supplement its interrogatory response fully and completely with regard to its four answers to requests for admissions that were not amended only.

## II. CONCLUSION

Having reviewed the motion and incorporated memorandum of law and the accompanying documents and upon due consideration thereof, the Court finds that Plaintiff's answers to the said Defendants' interrogatories are deficient. Consequently, the Court will grant the motion in part and deny it in part and will order Plaintiff to provide

*Monterey Communications, LLC v. Atlantic Tele-Network Int'l, Inc.*
1:19-cv-00015-RAM-GWC
Order Regarding Renewed Motion to Compel Discovery Responses
Page 19

each said Defendant full and complete responses to the specific interrogatories at issue as set forth herein.

Because the Court is granting most of said Defendants' requested relief, the Court will exercise its discretion and require Plaintiff to pay said Defendants' reasonable expenses related to the motion to compel. Fed. R. Civ. P. 37(a)(5)(C). Prior to ordering such payment, the Court will allow Plaintiff to show cause why it should not be required to do so.

WHEREFORE, for the foregoing reasons, it is now hereby **ORDERED**:

1. Defendant Atlantic Tele-Network International, Inc.[,] and Virgin Islands Telephone Corporation d/b/a Viya's Renewed Motion to Compel Discovery Responses (First Sets of Interrogatories) and Incorporated Memorandum of Law (ECF No. 87) is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's objection to the number of interrogatories propounded by said Defendants in their respective First Set of Interrogatories is **OVERRULED**.

3. Plaintiff's objection to the itemization and categorization of damages as contained in each said Defendants' Interrogatory No. 3 and to the phrase "mathematical formula" contained in Defendant Viya's Interrogatory Nos. 3, 4, and 8 are **OVERRULED**.

4. On or before **Wednesday, April 28, 2021**, Plaintiff shall supplement its responses to Defendant Atlantic Tele-Network International, Inc.'s First Set

*Monterey Communications, LLC v. Atlantic Tele-Network Int'l, Inc.*
1:19-cv-00015-RAM-GWC
Order Regarding Renewed Motion to Compel Discovery Responses
Page 20

of Interrogatories by serving a full and complete narrative response to all parts of Defendant ATN's interrogatory numbered 3 and a full and complete narrative response to interrogatory numbered 4 as it pertains to Plaintiff's four responses to said Defendant's requests for admission that were not amended.

5. On or before **Wednesday, April 28, 2021**, Plaintiff shall supplement its responses to Defendant Virgin Islands Telephone Corporation d/b/a Viya's First Set of Interrogatories by serving full and complete narrative responses to all parts of Defendant Viya's interrogatories numbered 3, 5-8.

6. Plaintiff shall show cause, by written response filed with the Court on or before **April 21, 2021**, why it should not be required to pay, pursuant to Fed. R. Civ. P. 37(a)(5)(C), Defendants Atlantic Tele-Network International, Inc., and Virgin Islands Telephone Corporation d/b/a Viya's reasonable expenses, including attorney's fees, incurred in making Defendant Atlantic Tele-Network International, Inc.[,] and Virgin Islands Telephone Corporation d/b/a Viya's Renewed Motion to Compel Discovery Responses (First Sets of Interrogatories) and Incorporated Memorandum of Law (ECF No. 87).

ENTER:

Dated: April 14, 2021
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE